UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL RAY PONTOD,

Petitioner,

v.

WILLIAM MUNIZ,

Respondent.

No.  2:16-cv-0622 KJM GGH P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

INTRODUCTION AND BACKGROUND

Petitioner is serving a sentence of 25 years to life for a 2010 conviction of being a felon in possession of a firearm and ammunition with two prior strike convictions.  (Res't's Lod Docs. 1, 2.)  Petitioner challenges the state courts' finding that he was ineligible for resentencing under Proposition 36, also known as the Three Strikes Reform Act of 2012.  He filed his petition on March 24, 2016, making the following claims: (1) application of the disqualifying provisions of Proposition 36 to petitioner's case violated his due process rights under the Fifth, Sixth, and Fourteenth Amendments; (2) petitioner's Sixth and Fourteenth Amendment rights were violated when he was disqualified from resentencing under Proposition 36 because there was insufficient evidence that he was armed; and (3) violation of petitioner's Fifth, Sixth and Fourteenth

1

1  Amendment rights when the disqualifying provisions of Proposition 36 were not pled or proven,

2  thereby entitling him to resentencing.

3       Currently before the court is respondent's motion to dismiss for failure to state a claim,

4  filed June 10, 2016.  Petitioner has filed an opposition, and respondent has filed a reply.  Having

5  reviewed all filings, the court now issues the following findings and recommendations.

6  <u>DISCUSSION</u>

7       Preliminarily, the Rules governing habeas corpus practice do not provide for a motion to

8  dismiss practice as is set forth in the Federal Rules of Civil procedure Rule 12(b)(6).  And the

9  failure-to-state-a-claim rubric of Fed. R. Civ. P. 12(b)(6) is not a good fit in habeas corpus

10  practice in that  the answer in habeas corpus practice may make the same legal arguments.  <u>See</u>

11  <u>Gallegos-Soto v. Adler</u>, 2011 WL 2708822 *2-3 (E.D. Cal. Jul. 11, 2011).  Moreover, habeas

12  pleading standards do not conform to those of Fed. R. Civ. P. 8, and if a habeas claim is non-

13  cognizable on its merits, the "with leave to amend" or "without leave to amend" practice of Rule

14  12 makes little sense regardless of whether a petitioner could better plead the claim.

15       Nevertheless, Rule 4 of the Rules Governing Section 2254 Cases provides, in pertinent

16  part:

17
18  > If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

19

20       The Advisory Committee Notes to Rule 8 of those same rules indicate that the court may

21  deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

22  respondent's motion to dismiss, or after an answer to the petition has been filed.  <u>See</u> <u>Herbst v.</u>

23  <u>Cook</u>, 260 F.3d 1039 (9th Cir.2001).  Therefore, the court will reach the merits of the petition and

24  recommend a summary denial.

25       Petitioner's claims may be interpreted and summarized as follows: (1) The Three Strikes

26  Reform Act of 2012 is unconstitutionally vague as applied; (2) insufficient evidence to support

27  the conviction for felon in possession of a firearm; and (3) Three Strikes Reform Act violated

28  petitioner's constitutional rights where the prosecution was not required to plead or prove the

1    exclusionary factors beyond a reasonable doubt.

2         Respondent contends that the habeas petition fails to state a claim because a challenge to

3    state court sentencing laws is not cognizable on federal habeas review.  While this is true in the

4    vast majority of cases, it is not accurate to assert that state sentencing issues can never be a

5    subject for federal habeas corpus.

6         I.    Constitutionality of Three Strikes Reform Act

7         Petitioner first argues that the Three Strikes Reform Act of 2012 is unconstitutionally

8    vague. [1]

9    
10   
11   
12   
13   
14   

> Proposition 36, also known as the Three Strikes Reform Act, []
> added Section 1170.126 to the California Penal Code effective
> November 7, 2012 ("Section 1170.126").  Section 1170.126
> "created a postconviction release proceeding whereby a prisoner
> who is serving an indeterminate life sentence imposed pursuant to
> the three strikes law for a crime that is not a serious or violent
> felony and who is not disqualified, may have his or her sentence
> recalled and be sentenced as a second strike offender unless the
> court determines that resentencing would pose an unreasonable risk
> of danger to public safety." People v. Yearwood, 213 Cal. App. 4th
> 161, 168 (2013).

15   Yost v. Sherman, 2016 WL 4491500, at *1 (C.D. Cal. Aug. 25, 2016).  The pertinent portion of

16   the statute states:

17   
18   
19   
20   

> (a) The resentencing provisions under this section and related
> statutes are intended to apply exclusively to persons presently
> serving an indeterminate term of imprisonment pursuant to
> paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of
> subdivision (c) of Section 1170.12, whose sentence under this act
> would not have been an indeterminate life sentence.

21   
22   
23   
24   
25   
26   
27   

> (b) Any person serving an indeterminate term of life imprisonment
> imposed pursuant to paragraph (2) of subdivision (e) of Section 667
> or paragraph (2) of subdivision (c) of Section 1170.12 upon
> conviction, whether by trial or plea, of a felony or felonies that are
> not defined as serious and/or violent felonies by subdivision (c) of
> Section 667.5 or subdivision (c) of Section 1192.7, may file a
> petition for a recall of sentence, within two years after the effective
> date of the act that added this section or at a later date upon a
> showing of good cause, before the trial court that entered the
> judgment of conviction in his or her case, to request resentencing in
> accordance with the provisions of subdivision (e) of Section 667,
> and subdivision (c) of Section 1170.12, as those statutes have been
> amended by the act that added this section.

28   [1] Cal. Penal Code § 1170.126.

3

...

(e) An inmate is eligible for resentencing if:

(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

(f) Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

(g) In exercising its discretion in subdivision (f), the court may consider:

(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;

(2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and

(3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety.

(h) Under no circumstances may resentencing under this act result in the imposition of a term longer than the original sentence.

Cal. Penal Code § 1170.126 (West).

The state court resentencing transcript indicates that at hearing the court framed the question as follows:

4

> The issue is whether or not this defendant was armed with a firearm pursuant to  667(e)(2)(C)(iii), and  1170.12(c)(2)(c)(iii).   And the question is whether or not he was armed during the commission of the offense.

> This can be proved by either physically arming or constructive possession which shows he had a knowing exercise of dominion or control.  And there's no section enhancement that is required.

(Res't's Lod. Doc. 6.)

The court concluded:

> By kicking the firearm with his foot, the defendant was exercising dominion and control of the firearm when he tried to kick it under the front seat.  Therefore, he was armed during the commission of this felony and is – and he is ineligible for resentencing.

(Id.)

To the extent that petitioner argues that the sentencing reduction provisions are so vague as to violate federal due process, petitioner has stated a federal claim, but the claim here is not meritorious.  Johnson v. United States, 135 S.Ct. 2251 (2015), involved the federal Armed Career Criminal Act ("ACCA"), and contained a somewhat similar to the present case sentencing, i.e., vagueness claim of unconstitutionality of the statute.  The court held that the statute, permitting enhanced sentences for previous "violent" felonies," violated due process. [2]  Justice Thomas' concurrence concisely described the conditions which might render a statute vague:

> We have become accustomed to using the Due Process Clauses to invalidate laws on the ground of "vagueness." The doctrine we have developed is quite sweeping: "A statute can be impermissibly vague ... if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "if it authorizes or even encourages arbitrary and discriminatory enforcement." Hill v. Colorado, 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000).

Id. at 2566.

Petitioner appears to argue the second instance, that the statute was arbitrarily or

---

[2]  A federal defendant could have his sentence for a present crime enhanced under the Armed Career Criminal Act if the defendant had three prior felony convictions for, inter alia, a "violent crime," which included any past felony that involved conduct that presented "a serious potential risk of physical injury to another."

1    discriminatorily applied to him.  Unlike the ACCA in Johnson, however, which imposed an

2    increased prison term if the defendant was found to meet its terms, including a felony that

3    "involves conduct that presents a serious potential risk of physical injury to another," the Three

4    Strikes Reform Act serves only to *reduce* a previous, valid sentence if its terms are met.  If

5    petitioner is excluded from this Act, as he was in this case, his sentence is merely not reduced; in

6    no way is it enhanced.  Nevertheless, it is possible that a statute of clemency could be so vague in

7    its exclusions that enforcement of the exclusions could result in "arbitrary" or "discriminatory"

8    application.

9          As outlined above, the exception to the Three Strikes Reform Act which the re-sentencing

10   court applied to petitioner, was clear in its terms: a defendant is excluded from re-sentencing

11   where he was armed with a firearm during the commission of the instant felony, and had two

12   prior serious and/or violent felony convictions, pursuant to §§ 667(e)(2)(C)(iii) and

13   1170.12(c)(2)(C)(iii).  The terms of these statutes are specific and clear, and do not permit

14   arbitrary or discriminatory enforcement.  Either the defendant was in possession of a firearm, as

15   was petitioner, or he was not.

16         There would be a much more colorable claim of vagueness if other portions of the Act had

17   been applied to petitioner.  For example, subdivision (f) of § 1170.126 provides a reason for a

18   court to use its discretion to decline to resentence a petitioner where "resentencing the petitioner

19   would pose an unreasonable risk of danger to public safety."  It can be argued that such language

20   permits arbitrary enforcement because the terms are subject to boundless interpretation.

21   Petitioner's resentencing hearing was conducted pursuant to a much more specific and clear

22   portion of the statute, and the court concisely set forth the subdivisions that applied and the

23   reasons for its conclusion.  Therefore, petitioner's constitutional challenge fails.

24         To the extent, however, that petitioner is simply attacking a "wrong" legal decision by the

25   state court, petitioner "may not, however, transform a state-law issue into a federal one merely by

26   asserting a violation of due process."  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  The

27   same principle applies for other constitutional challenges.  For this reason, the claim that

28   petitioner's sentence should be reduced based on the Three Strikes Reform Act of 2012 is not

1  colorable.  A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of

2  some transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d 1083,

3  1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is unavailable

4  for alleged error in the interpretation or application of state law.  Middleton v. Cupp, 768 F.2d at

5  1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786

6  F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.

7  Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

8          The Supreme Court has reiterated the standards of review for a federal habeas court.

9  Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991).  In Estelle v. McGuire, the Supreme

10  Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted

11  federal habeas relief.  The Court held that the Ninth Circuit erred in concluding that the evidence

12  was incorrectly admitted under state law since, "it is not the province of a federal habeas court to

13  reexamine state court determinations on state law questions."  Id. at 67-68, 112 S. Ct. at 480.  The

14  Court re-emphasized that "federal habeas corpus relief does not lie for error in state law."  Id. at

15  67, 112 S. Ct. at 480, citing Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092, 3102 (1990), and

16  Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75 (1984) (federal courts may not grant

17  habeas relief where the sole ground presented involves a perceived error of state law, unless said

18  error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of

19  the Fourteenth Amendment).

20          The Supreme Court further noted that the standard of review for a federal habeas court "is

21  limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

22  States (citations omitted)."  Id. at 68, 112 S. Ct. at 480.  The Court also stated that in order for

23  error in the state trial proceedings to reach the level of a due process violation, the error had to be

24  one involving "fundamental fairness," Id. at 73, 112 S. Ct. at 482, and that "we 'have defined the

25  category of infractions that violate "fundamental fairness" very narrowly.'"  Id. at 73, 112 S. Ct.

26  at 482.  Habeas review does not lie in a claim that the state court erroneously allowed or excluded

27  particular evidence according to state evidentiary rules.  Jammal v. Van de Kamp, 926 F.2d 918,

28  919 (9th Cir. 1991).  As more recently re-emphasized by the Supreme Court, "'a mere error of

1    state law ... is not a denial of due process.'"  Rivera v. Illinois, 556 U.S. 148, 129 S. Ct. 1446,

2    1454 (2009) (quoting Engle v. Isaac, 456 107, 121, n. 21, 102 S. Ct. 1558 [] (1982)).  To state a

3    cognizable federal habeas claim based on an alleged error in state sentencing, a petitioner must

4    show that the error was "so arbitrary or capricious as to constitute an independent due process"

5    violation.  Richmond v. Lewis, 506 U.S. 40, 50, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992).

6         Applying these principles in federal habeas proceedings, the Ninth Circuit Court of

7    Appeals has specifically refused to consider alleged errors in the application of state sentencing

8    law.  See, e .g., Miller v. Vasquez, 868 F.2d 1116 (9th Cir.1989).  Thus, in Miller, the court

9    refused to examine the state court's determination that a defendant's prior conviction was for a

10   "serious felony" within the meaning of the state statutes governing sentence enhancements.  Id. at

11   1118–19.  The court did not reach the merits of the petitioner's claim, stating that federal habeas

12   relief is not available for alleged errors in interpreting and applying state law.  Id.  (quoting

13   Middleton, 768 F.2d at 1085).

14        Because petitioner was ineligible for resentencing, no further analysis was required.  See

15   Hawkins v. Soto, 2015 WL 631957, at *3 (C.D.Cal. Feb.12, 2015) (finding that discretionary

16   factors in section 1170.126 do not come into play where offense is a violent one).  Federal courts

17   in California are bound by the state courts' conclusion that petitioner is precluded from relief

18   under section 1170.126.  Id., citing Bradshaw v. Richey, 546 U.S. 74, 76, 126 S.Ct. 602, 163

19   L.Ed.2d 407 (2005).

20        II.     Insufficient Evidence to Support Conviction for Felon in Possession of a Firearm

21        Petitioner also contends that his argument in state court was that as an aider and abettor

22   found not guilty of being armed, he was eligible for resentencing under Proposition 36.  (ECF No.

23   10 at 3.)  Petitioner has failed to demonstrate there was anything arbitrary, capricious or

24   fundamentally unfair in the state courts' finding that his conviction for felon in possession of a

25   firearm rendered his Three Strikes sentence ineligible for recall.  Petitioner relies upon Read v.

26   Valenzuela, 2016 WL 3383726 (N.D. Cal. June 20, 2016), for the proposition that the court

27   should address the merits of the conviction, and that petitioner had argued in state court that "as

28   an aider and abettor found not guilty of being armed, he was in fact eligible for resentencing

under Prop. 36." Under similar circumstances, the court in <u>Read</u> found that it could not revisit the state court determination that petitioner was armed during the offense, which made him ineligible for resentencing. <u>Id.</u> at *6. Although the court did address the merits, it noted that "[t]here is no Supreme Court precedent holding that due process is violated when the prosecutor is not required to plead and prove a fact that the court relies upon to determine that the prisoner is disqualified from a discretionary reduction of a lawfully imposed sentence." <u>Id.</u> Therefore, the <u>Read</u> court came to the same conclusion as this court, that petitioner's claim implicates a state law determination that may not be revisited by this court.[3]

---

[3] The state court's decision in <u>Read</u> is instructional in regard to petitioner's claim of insufficiency of the evidence:

> "[W]hen an *initial* sentencing for a current offense is at issue, there is a clear statutory pleading and proof requirement with respect to factors that disqualify a defendant with two or more prior strike convictions from sentencing as a second strike offender." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1033, italics added; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058 (Blakely).)

> "Fairly read, however, section 1170.126 does not impose the same requirements in connection with the procedure for determining whether an inmate already sentenced as a third strike offender is eligible for *resentencing* as a second strike offender." (*Blakely*, *supra*, 225 Cal.App.4th at p. 1058; *White*, *supra*, 223 Cal.App.4th at p. 527 ["the pleading and proof requirement plainly is a part of only the prospective part of the Reform Act"].) It incorporates the disqualifying factors set forth in sections 667 and 1170.12, but not those sections' pleading and proof requirements. (*Blakely*, *supra*, 225 Cal.App.4th at p. 1058; *White*, *supra*, 223 Cal.App.4th at p. 527; *see also People v. Manning* (2014) 226 Cal.App.4th 1133, 1139; *People v. Bradford*, *supra*, 227 Cal.App.4th at p. 1332 ["no similar language in the resentencing statute"].) As resentencing is ultimately a discretionary act of leniency to an inmate with a valid life sentence, there is no superseding constitutional requirement that the basis for the denial of leniency have been pleaded and proved. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1060, 1063 ["Like facts invoked to limit the ability to earn conduct credits, facts invoked to render an inmate ineligible for downward resentencing do not increase the penalty for a crime beyond the statutory maximum, and so need not be pled or proved."]; *Osuna*, *supra*, 225 Cal.App.4th at pp. 1039–1040.)

> Since there is no pleading and proof requirement, "a trial court may deny section 1170.126 resentencing relief under the armed-with-a-firearm exclusion even if the accusatory pleading, under which the defendant was charged and convicted of possession of a firearm by

1    Petitioner in essence is attacking the underlying conviction with a claim that there was

2    insufficient evidence to convict him of being a felon in possession.  As such, there is no federal

3    due process requirement that sentencing proceedings, or resentencing proceedings, give him a

4    trial on the evidence of conviction.  This type of attack is simply unavailable here where

5    petitioner challenges only his resentencing proceedings, where the state courts were surely able to

6    rely on the conviction itself.

7    III.    Three Strikes Reform Act Does not Violate Apprendi

8    Lastly, petitioner has failed to present a federal basis for relief with regard to his claim

9    relating to the Three Strikes Reform Act because a jury did not find the exclusion to the clemency

10   statute to be satisfied.  No federal court has found federal challenges to the Three Strikes Reform

11   Act to be cognizable in federal habeas.  In Olivarez v. Lizarraga, 2015 WL 521431 at *2 (E.D.

12   Cal. Feb. 9, 2015), the court distinguished Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348

13   (2000), as applicable to facts which may increase a sentence and therefore potentially violate the

14   Sixth Amendment, unlike the Three Strikes Reform Act which "is an ameliorative provision, and

15   can only decrease a petitioner's sentence."  In the AEDPA context, Apprendi could not apply

16   because the situation here is so different from the context of Apprendi (what must be pled and

17   proven at trial), such that the present situation (a years-after sentencing application of partial

---

a felon, did not allege he or she was armed with a firearm during the commission of that possession offense." (White, supra, 223 Cal.App.4th at p. 527; also People v. Elder (2014) 227 Cal.App.4th 1308, 1314–1316.) The trial court may look to uncharged conduct manifest from examining "relevant, reliable, admissible portions of the record of conviction." (Blakely, supra, 225 Cal.App.4th at pp. 1059, 1063; Osuna, supra, 225 Cal.App.4th at p. 1030) [relying on prior appellate court decision]; see also Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law (Aug. 2014) pp. 17, 32 ["Nothing requires a sentence to be imposed for a specific disqualifying factor" and "[i]t seems likely that if the entire record of conviction can be used in determining the existence of a strike for an original sentencing proceeding, the same record can be used in determining whether a person qualifies for second strike sentencing under Proposition 36"].

People v. Read, 2014 WL 6657586, at *4 (Cal. Ct. App. Nov. 24, 2014) (emphasis in original).

1  clemency), would require a Supreme Court case dealing with the present situation.  See Carey v.

2  Musladin, 549 U.S. 70 (2009) (under AEDPA, holdings of Supreme Court regarding invalidity of

3  state sponsored courtroom practices could not be extrapolated to context of private spectator

4  courtroom conduct; therefore, ruling of the state court on spectator conduct could not be an

5  unreasonable application of federal law as announced by the Supreme Court).[4]

6         CONCLUSION

7         For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

8         1.   Respondent's motion to dismiss, filed June 10, 2016 (ECF No. 7), be granted on the

9              grounds as discussed above; and

10        2.   This petition be summarily denied.[5]

11        These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16  shall be served and filed within fourteen days after service of the objections.  The parties are

17

18

19  [4] Moreover, petitioner would not be able to present challenges to clemency law application under
    the rubric of due process or equal protection.  Holloway v. Price, 2015 WL 1607710, at *6–*8

20  (C.D. Cal. Apr.7, 2015) (holding that petitioner's federal due process and equal protection claims
    challenging the denial of his application for resentencing under § 1170.126 were noncognizable);

21  Aubrey v. Virga, 2015 WL 1932071, at *9–*10 (C.D. Cal. Apr. 27, 2015) (same); Morgan v.
    Spearman, 2015 WL 2452781, at *5 (C.D. Cal. May 21, 2015) (summarily dismissing habeas

22  petition alleging that failure to resentence petitioner under the Reform Act violated the federal
    constitution, including the Ex Post Facto Clause); Occeguedo v. Dep't of Corr., 2015 WL

23  4638505, at *2 (C.D. Cal. June 24, 2015) (rejecting as noncognizable petitioner's federal due
    process challenge to state court's denial of his application for resentencing under the Three

24  Strikes Reform Act); Johnson v. Davis, 2014 WL 2586883, at *5 (C.D. Cal. June 9, 2014)
    ("Petitioner's attempt to transform his claim of an alleged misapplication of Section 1170.126

25  into a claim of a violation of his federal constitutional rights, by conclusory references to 'due
    process' and 'equal protection,' is unavailing").

26
    [5] Because the undersigned reached the federal merits of the vagueness and Apprendi claims, the

27  petition should be denied as opposed to being dismissed, if this difference in terms of
    adjudication makes any practical difference.

28

11

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   Dated: September 22, 2016

4                                      /s/ Gregory G. Hollows
                                 UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11
        GGH:076:pont0622.mtd
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28